UNITED STATES of America, Appellee,

v.

**Joel BURNS, Defendant, Appellant.**

**Nos. 90–1668, 90–1669.**

United States Court of Appeals,
First Circuit.

Heard Dec. 3, 1990.
Decided Feb. 7, 1991.

Judy Potter for appellant.

F. Mark Terison, Asst. U.S. Atty., with whom Richard S. Cohen, U.S. Atty., was on brief for appellee.

Before CAMPBELL and TORRUELLA, Circuit Judges, and BOWNES, Senior Circuit Judge.

TORRUELLA, Circuit Judge.

Defendant Joel Burns pled guilty before the United States District Court for the District of Maine on two charges: (1) conspiring to possess with intent to distribute in excess of five kilograms of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846, and (2) failing to report the transportation of in excess of $10,000 in United States currency from Canada into the United States in violation of 31 U.S.C. §§ 5316 and 5322.[1] With respect to the currency offense, Burns entered an *Alford* plea, whereby he pled guilty in order to serve what he considered to be his best interest notwithstanding protestations of innocence. *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

At sentencing, the district court refused to grant Burns a two level reduction in his base offense level, as computed under the sentencing guidelines, for acceptance of responsibility. On appeal, Burns challenges that decision claiming that the district court erroneously applied a per se rule denying a reduction for acceptance of responsibility to any defendant who enters an *Alford* plea. Upon review of the record, we find no such per se rule was applied. Thus we affirm the sentence as imposed.

## PROCEDURAL BACKGROUND

Rule 11, Fed.R.Crim.P., requires the district court, before accepting a plea of guilty or nolo contendere, to address the defendant personally in open court and to inform the defendant of, and to determine that the defendant understands, (a) the nature of the charge to which the plea is offered, (b) the mandatory minimum and maximum penalties proscribed by law, (c) the effect of any parole or supervised release term, and (d) the fact that the court is required to consider any applicable sentencing guidelines but may depart therefrom. Two such Rule 11 proceedings were held in the instant case.

An initial Rule 11 proceeding was held on November 9, 1989, at which time defendant Burns appeared before the district court to waive indictment and to plead guilty to both the conspiracy and the currency offenses. The district court accepted the waiver of indictment but suspended plea proceedings when Burns indicated an unwillingness to accept the "intentionally" and "unlawfully" elements of the currency offense. Burns claimed to have been following the advice of a United States customs agent in carrying out what he believed at the time to be the proper method for transporting currency across the United States–Canadian border.

Upon resumption of the Rule 11 proceeding on December 26, 1989, the district court elected to separate the conspiracy and currency offenses. Dealing first with the conspiracy charge, the district court advised Burns of the possible ramifications of his plea and ascertained that he understood his position. The district court refused to predict an ultimate sentence; however, it did inform Burns that the sentence prescribed by statute was ten years to life. Burns persisted in his desire to plead guilty, and the district court accepted his plea.

With regard to the currency offense, a more detailed examination was undertaken. During extensive questioning of both Burns and his attorney, the district court determined that although Burns still denied having had a culpable state of mind, he wished to plead guilty by way of an *Alford* plea. Burns advanced three reasons why he felt a plea of guilty was in his best interest: (1) there was a high likelihood of his being convicted, (2) he stood exposed to a greater sentence if the two cases were handled separately, and (3) he wished to put the whole matter behind him and get on with his life. Furthermore, Burns told the district court that he felt at least morally guilty because he did have illicit intentions for the money. Being convinced that there was a strong likelihood of conviction were this case to proceed to trial, and being satisfied that Burns had made a knowing and intelligent decision, the district court accepted Burns' plea.

---

1. The currency count was transferred to the District Court of Maine from the Western District of New York pursuant to Rule 20, Fed.R. Crim.P., and a plea agreement.

A pre-sentence conference was held on June 6, 1990. At that time, the government moved that the district court grant the defendant a reduction in sentence because Burns had readily and effectively cooperated with the government in its efforts to capture other drug offenders. The district court, however, expressed skepticism over the appropriateness of such an action.

On June 18, 1990, the district court imposed its sentence. The district court set a base offense level of 34 for the conspiracy offense, pursuant to Sentencing Guidelines § 2D1.1(a)(3), and an adjusted base offense level of 15 for the currency offense, pursuant to Sentencing Guidelines §§ 2S1.-3(a)(1)(B) and 3B1.1(c). The combined adjusted offense level was set at 34. The district court then determined that a two level reduction for acceptance of responsibility was not appropriate under Sentencing Guidelines § 3E1.1(a–c). The district court did, however, depart downwards under Sentencing Guidelines § 5K1.1. The sentencing guidelines range recommended for a level 34 offense is 151–188 months imprisonment. After downward departure, Burns received a sentence of 120 months imprisonment followed by a 5 year term of supervised release. This departure was granted in recognition of Burns' cooperation with the government in obtaining the arrest of additional drug offenders.

### STANDARD OF REVIEW

A district court's determination that a defendant has not clearly demonstrated an affirmative acceptance of personal responsibility for criminal conduct will not be overturned on appeal unless clearly erroneous. *United States v. Royer*, 895 F.2d 28, 29 (1st Cir.1990). The clear error standard applies because "[t]he inquiry into acceptance of responsibility is necessarily fact-bound." *Id.* at 30. Because "[c]redibility and demeanor play a crucial role in determining whether a person is genuinely contrite," and "[b]ecause the sentencing judge has the unique opportunity of observing the defendant ... and evaluating acceptance of responsibility in a live context," the

finding of the sentencing court is entitled to great respect. *Id.* at 29–30; *see also* United States Sentencing Commission, *Guidelines Manual*, § 3E1.1, comment (n. 5) (Nov.1990) [hereinafter U.S.S.G.]. Indeed, a sentencing court's determination of acceptance of responsibility "should not be disturbed unless it is without foundation." *Royer*, 895 F.2d at 29.

### DISCUSSION

Burns asks this court to find clear error based upon his contention that the district court erroneously applied a per se rule against allowing a two point reduction in base offense level for acceptance of responsibility because the defendant entered an *Alford* plea. In support of this contention, Burns cites an isolated passage from the sentencing transcript in which the district judge stated:

> [Burns'] combined adjusted offense level is not subject to a reduction of 2 levels ... pursuant [to] subsection 3E1.1(a) because the defendant has not accepted responsibility within the meaning of the guidelines or for each offense of conviction in these cases *in having entered an Alf[ord] plea in one of them.*

Sentencing Transcript at 65 (emphasis added).

Burns, however, completely ignores a host of other statements found throughout the sentencing and presentencing transcripts which underscore the fact that the district judge did not rely solely upon Burns' entry of an *Alford* plea in determining that a two level reduction was inappropriate. We now quote in relevant part:

> I have heard this guy [Burns] testify 2 or 3 times and I will be very frank, I have a different view than that portrayed in the government's letter [seeking downward departure]. I think he has not demonstrated, to my satisfaction, sufficient evidence of an attitude that would lead me to conclude with any great amount of certainty that he is a reformed character.

Presentencing Transcript at 10.

> [H]ere is a guy that brought probably more cocaine into the state than any guy we know of ... and he gives me, by his

demeanor and substance of his testimony that I have heard so far, the distinct impression that he is continuing to minimize, in his own mind, perhaps, I don't know but at least for everyone else's consumption, culpability of what he did and the level at which he participated and I have great difficulty, for example, he says in his testimony when it was asked of him what his occupation is, I'm an inventor. He invents tanks to put on trucks so he can smuggle dope. The straight answer is he is a cocaine smuggler in a big scale.

The last time [Burns] testified I was definitely not impressed with his attitude.

*Id.*

My impression frankly is, that is still his attitude, there is a tempest in a teapot, not really so bad[,] that he ought to be able to walk out of here free as a hawk in the wind.

*Id.* at 13.

[I]t occurred to me while he was testifying, I had severe difficulties with the genuineness of his commitment to being remorseful and rehabilitated.

*Id.* at 15.

The Court has presided at numerous trials, three of which this defendant has testified, and does take into account the information that it has so gained in making its findings of facts and rendering its conclusions of law, and imposing sentence in this matter.

Sentencing Transcript at 63.

The only indication that the district judge might have felt differently appears in statements made while granting Burns a downward departure for cooperation with the government. At that time, the district judge stated:

[T]his defendant is also remarkable ... [in] what I believe to be the sincerity of his remorse.

I believe he does regret his conduct ... and he has demonstrated acceptance of the fact that this conduct should not

have been engaged in with respect to the drug trafficking conviction.

*Id.* at 71.

While we recognize these statements indicate that the district judge believed the sincerity of Burns' remorse, we also recognize that the district judge drew a distinction between remorse and acceptance of responsibility. We arrive at this conclusion based upon the numerous statements already cited as well as the following statement which issued closely upon the heels of the statements cited directly above:

[H]e is as much self deceptive as he is deceptive of others with respect to the significance of what he is doing and I believe his motivations for doing it.

*Id.* at 74. We accept this as evidence of the fact that, regardless of how remorseful the district judge believed Burns to be, he still did not believe Burns accepted responsibility for his actions.

## CONCLUSION

As clearly indicated by the language in the statements cited above, the district court did not rely upon a per se rule regarding *Alford* pleas in refusing to grant Burns a two level reduction in base offense level for acceptance of responsibility. As a result of this finding, it becomes evident that Burns' claims of clear error are misplaced. The sentence imposed is therefore *affirmed.* This being the case, the other issues raised on appeal need not be addressed.

*Affirmed.*