985 F.2d 563
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff/Appellee,
v.
Gary L. HOLT, Defendant/Appellant.
 No. 92-1047.
 United States Court of Appeals, Seventh Circuit.
 Argued Nov. 18, 1992.
Decided Jan. 22, 1993.
 
 Before BAUER, Chief Judge, and RIPPLE and ILANA DIAMOND ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Dr. Gary L. Holt was charged under 18 U.S.C. § 1341 with devising a scheme to defraud the Illinois Department of Public Aid ("IDPA") through the use of the United States mail. He entered a guilty plea pursuant to North Carolina v. Alford, 400 U.S. 25 (1970), and received a twenty-four month prison sentence pursuant to the Federal Sentencing Guidelines.[1] Holt appeals his sentence, arguing that the district court erred in failing to provide him a two-level reduction for acceptance of responsibility. U.S.S.G. § 3E1.1. We affirm.
 
 BACKGROUND
 
 2
 Holt, a psychologist and the Executive Director of the Coles County Counseling Center ("the Center"), is ineligible to receive Medicaid reimbursements for his services. To bypass this barrier, Holt negotiated an arrangement with Dr. Dale Sunderland, a psychiatrist who was eligible to receive Medicaid reimbursements. Holt would prepare claim forms on behalf of Medicaid patients and send the forms to Sunderland for his signature. Sunderland then would submit the forms to the IDPA, directing payment to the Center. Between 1982 and 1989, Holt utilized this scheme to obtain $362,467.76 in Medicaid reimbursements. He paid Sunderland a monthly fee for his participation.
 
 
 3
 Holt also engaged in other illegal billing practices. On several occasions he billed the IDPA for services not provided and overbilled for services that were provided. Specifically, he billed the IDPA for clients who had canceled their appointments and for family members not actually involved in counseling.
 
 
 4
 At his sentencing hearing, Holt claimed to have been unaware that his arrangement with Sunderland was illegal. He claimed that he had not wilfully and knowingly devised a scheme to defraud. He testified that he believed he could receive Medicaid payments if a psychiatrist supervised his consultations. According to Holt, it was up to the psychiatrist to determine the extent of necessary supervision. However, Sunderland never counseled any of Holt's patients. Indeed, Sunderland and Holt practice in different counties. Moreover, Sunderland rarely discussed Holt's patients with him, nor did he visit the Center.[2]
 
 
 5
 As for his overbilling and billing for services not rendered, Holt claimed that he may have submitted bills that were inaccurate, but not fraudulent. He attributed the inaccuracies to secretarial errors.
 
 
 6
 Holt attempted to enter a plea of nolo contendere, but the district court refused to accept such a plea. Holt then entered a plea pursuant to United States v. Alford, whereby he plead guilty, acknowledging that the government could prove the charges against him, but still maintained his innocence. Holt explained that although he had not acted wilfully and knowingly, he plead guilty because he was afraid that Sunderland's testimony against him would result in a verdict of guilt at trial. Holt expected Sunderland to testify that he helped Holt devise a scheme, knowing it was illegal.
 
 DISCUSSION
 
 7
 Holt argues that he accepted complete responsibility for his illegal billing practices and should have been granted a two-level reduction in his offense level. Under the Sentencing Guidelines, a defendant is entitled to a two-point reduction if he "clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct." U.S.S.G. § 3E1.1. A defendant bears the burden of demonstrating that he is entitled to the reduction. United States v. Leiva, 959 F.2d 637 (7th Cir.1992) (citing United States v. Camargo, 908 F.2d 179, 185 (7th Cir.1990)).
 
 
 8
 Whether a defendant has made such a demonstration is a question of fact for the district court. On appeal we must "give due regard to the opportunity of the district court to judge the credibility of the witnesses, and [we must] accept the findings of fact of the district court unless they are clearly erroneous ... [giving] due deference to the district court's application of the guidelines to the facts." 18 U.S.C. § 3742(e); see also U.S.S.G. § 3E1.1, Application Note 5 ("The sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility. For this reason, the determination of the sentencing judge is entitled to great deference on review.").
 
 
 9
 The district court, relying on United States v. Brown, 944 F.2d 1377, 1379 (7th Cir.1991), properly determined that it could "draw inferences from a variety of data, including the defendant's demeanor and information in the presentence report, and the evidence that's been adduced in order to reach conclusions about the facts that support this sentencing procedure." United States v. Holt, No. 91-20051 (C.D.Ill. Jan. 3, 1992) (order on final disposition). The district court accepted the findings in the sentencing report as the findings of the court, including the probation officer's recommendation that Holt had not demonstrated recognition of his criminal conduct.
 
 
 10
 Holt consistently maintained throughout the proceedings that he was unaware that his conduct was illegal. He argues that "the mere fact that he does not admit to more culpability than he in fact possessed when the illegal billing practices were begun should not deny him the two (2) point reduction for 'acceptance of responsibility'...." (Appellants Brief at 13.) Unfortunately for Holt, the district court did not find his limited admission credible:
 
 
 11
 The defendant says that he has committed a crime but that his conduct didn't have criminal intent.... I don't believe him. It comes down to that. In plain English, I don't believe him. I find him disingenuous and deceitful.... Listening to the defendant try to explain all of that, I had the feeling that I was in a Senate hearing where someone was busy explaining that what they said or did on some prior occasion was not really what they meant or intended.
 
 
 12
 (Tr. at 44-45.)
 
 
 13
 Holt was charged with a crime that included an intent element. Although he admitted the illegality of his actions, he did not admit an intent to violate the law. A defendant must admit his actual offense in order to have accepted responsibility. United States v. Guadagno, 970 F.2d 214, 224 (7th Cir.1992) (citing United States v. Trussel, 961 F.2d 685, 691 (7th Cir.1992)). Not finding Holt's alleged lack of criminal intent credible, the district court properly concluded that Holt failed to accept responsibility for the entirety of his criminal behavior.
 
 
 14
 Holt's claim of acceptance of responsibility also may be affected by his Alford plea. An Alford plea is somewhat inconsistent with acceptance of responsibility for the charged conduct. An Alford plea allows " '[a]n individual accused of [a] crime ... [to] voluntarily, knowingly and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime.' " United States v. Cox, 923 F.2d 519, 524 (7th Cir.1991) (quoting North Carolina v. Alford, 400 U.S. 25, 37 (1970)). Although an Alford plea involves a plea of guilty, it is not actually an admission of the charged conduct. Neither party addressed the impact of the Alford plea on Holt's claim for an acceptance of responsibility reduction; however, we asked the government of its significance at oral argument. The government took the position that an Alford plea does not necessarily foreclose a reduction for acceptance of responsibility. The government's view is consistent with that of the Eleventh Circuit in United States v. Rodriguez, 905 F.2d 372, 374 (11th Cir.1990). Although this circuit has not yet addressed the weight to be accorded an Alford plea, other circuits similarly have refused to apply a per se rule against reductions for acceptance of responsibility, but have considered the limitations of an Alford plea as one relevant factor. See United States v. Tucker, 925 F.2d 990, 993 (6th Cir.1991); United States v. Burns, 925 F.2d 18, 20 (1st Cir.1991). Because the district court here did not rely on the Alford plea and the government conceded at oral argument that an Alford plea does not necessarily foreclose a reduction for acceptance of responsibility, we need not consider whether an Alford plea is incompatible with a claim of acceptance of responsibility.
 
 
 15
 Holt's entire argument on appeal is based on an analysis of the seven factors contained in Application Note 1 to section 3E1.1,[3] which comprise a nonexhaustive list of relevant considerations.[4] He argues that he should have been granted a reduction of his sentence on the basis of having satisfied all the relevant criteria. Although the trial court must provide an explanation of the factors relied upon in denying a reduction for acceptance of responsibility, it need not make specific reference to the factors listed in the application notes. United States v. Beal, 960 F.2d 629, 635 (7th Cir.) (citing United States v. Sullivan, 916 F.2d 417, 420-421 (7th Cir.1990)), cert. denied, 113 S.Ct. 230 (1992). As long as there is sufficient evidence in the record to support the district court's conclusion, that conclusion will not be disturbed on appeal. United States v. Agrell, 965 F.2d 222, 228 (7th Cir.1992). The district court may rely on factors other than those listed in the application note which demonstrate conduct inconsistent with "acceptance of responsibility." See Beal, 960 F.2d at 635; see also U.S.S.G. § 3E1.1, Application Note 3. The district court here was not required to discuss each factor listed in the application notes in concluding that an acceptance of responsibility reduction was unwarranted. Dr. Holt's continued denial of wrongdoing directly contradicts any claim that he has accepted responsibility.
 
 
 16
 The district court's finding that Holt was not entitled to a two-level reduction for acceptance of responsibility was not clearly erroneous.
 
 
 17
 AFFIRMED.
 
 
 
 [1]
 Holt was sentenced under the November 1990 Sentencing Guidelines; however, his fine was determined by the November 1991 Sentencing Guidelines because the amendment to U.S.S.G. § 5E1.2(c)(2) was more favorable to Holt
 
 
 [2]
 The Medicaid claim form included a certification above the signature line which stated:
 I certify that the services shown on this form were medically indicated and necessary for the health of the patient and were personally rendered by me or were rendered incident to my professional service by my employee under immediate personal supervision except as otherwise expressly permitted.
 Sunderland so certified the claim forms sent by Holt.
 
 
 [3]
 Holt does not argue that the district court erred by failing to analyze each factor in the application note. He merely argues that his conduct conformed to each of the suggested factors
 
 
 [4]
 The seven factors are:
 (a) voluntary termination or withdrawal from criminal conduct or associations; (b) voluntary payment of restitution prior to adjudication of guilt; (c) voluntary and truthful admission to authorities of involvement in the offense and related conduct; (d) voluntary surrender to authorities promptly after commission of the offense; (e) voluntary assistance to authorities in the recovery of the fruits and instrumentalities of the offense; (f) voluntary resignation from the office or position held during the commission of the offense; (g) the timeliness of the defendant's conduct in manifesting the acceptance of responsibility. U.S.S.G. § 3E1.1, Application Note 1.