**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

ANTHONY COREY ALEXANDER, a/k/a
Troy Williams, a/k/a Troy Smith,
a/k/a Troy B. Jackson,
Defendant-Appellant.

No. 95-5918

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
David C. Norton, District Judge.
(CR-94-589)

Submitted: October 17, 1996

Decided: October 25, 1996

Before MURNAGHAN and WILLIAMS, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Douglas H. Westbrook, Charleston, South Carolina, for Appellant.
Margaret B. Seymour, United States Attorney, Robert H. Bickerton,
Assistant United States Attorney, Charleston, South Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Anthony Corey Alexander appeals his conviction entered pursuant to a plea made in accordance with North Carolina v. Alford, 400 U.S. 25 (1990). The district court convicted Alexander of one count of conspiracy to possess with intent to distribute and to distribute cocaine and cocaine base in violation of 21 U.S.C.§ 846 (1994), five substantive drug counts in violation of 21 U.S.C.§ 841(a)(1) (1994), one count of conspiracy to engage in money laundering in violation of 18 U.S.C. § 1956(h) (1994), and two substantive counts of money laundering in violation of 18 U.S.C. §§ 1956(a)(1), 1957(a) (1994). Alexander alleges that the district court erred in refusing to decrease his offense level based upon acceptance of responsibility under USSG § 3E1.1 (Nov. 1994). We affirm.

We review the district court's determination regarding acceptance of responsibility for clear error. United States v. Curtis, 934 F.2d 553, 557 (4th Cir. 1991) (citing United States v. Harris, 882 F.2d 902, 905 (4th Cir. 1989)). The district court judge has great discretion in applying this adjustment. See United States v. White , 875 F.2d 427, 431 (4th Cir. 1989). In determining whether the defendant is qualified for the reduction, the district court should consider whether the defendant truthfully admits the conduct comprising the offenses of conviction. USSG § 3E1.1, comment. (n.1(a)); see United States v. Martinez, 901 F.2d 374, 377 (4th Cir. 1990).

Alexander was charged with transporting quantities of cocaine from Florida to South Carolina, involvement with others in the distribution of crack and cocaine powder in the Charleston area, and the pick-up and delivery of approximately $70,000 of funds that were the proceeds of drug transactions which he transported to a co-defendant. While Alexander admitted to selling five to six kilograms of cocaine powder, knowing that it would be sold in South Carolina, and that he

2

picked up and delivered $70,000 in cash to a co-defendant, he did not admit to most of the conduct comprising the offenses of conviction.

Alexander alleges that the district court erred to the extent that its denial of acceptance of responsibility was based upon a finding that an Alford plea precludes a reduction for acceptance of responsibility. At sentencing, the district court did not hold that the Alford plea precluded Alexander from receiving the reduction, and properly considered other evidence regarding the reduction. Other circuits have addressed this issue and held that a reduction for acceptance of responsibility is not automatically barred by the Alford nature of the plea, but that the plea is a relevant factor to consider. See United States v. Harlan, 35 F.3d 176, 181 (5th Cir. 1994); United States v. Burns, 925 F.2d 18, 20-21 (1st Cir. 1991); United States v. Tucker, 925 F.2d 990, 991 (6th Cir. 1991).

Accordingly, we affirm the conviction because the district court did not clearly err in denying a reduction for acceptance of responsibility under USSG § 3E1.1. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3