**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 97-4210

LARRY TUNSTALL,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Florence.
Cameron McGowan Currie, District Judge.
(CR-96-723)

Submitted: April 7, 1998

Decided: June 22, 1998

Before WILKINS, WILLIAMS, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

William F. Nettles, IV, Assistant Federal Public Defender, Florence,
South Carolina, for Appellant.  Alfred William Walker Bethea, Assis-
tant United States Attorney, Florence, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Larry Tunstall pled guilty to a felony information charging him with knowingly receiving a stolen firearm in violation of 18 U.S.C. § 922(j) (1994). Tunstall received a sentence of fifty months' imprisonment. He appeals his conviction and sentence. Tunstall's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), raising one issue but stating that in his view there are no meritorious issues for appeal. Tunstall has been informed of his right to file a pro se supplemental brief, but has not done so. The issue raised by Tunstall's counsel is without merit. After a full review of the record, we affirm the judgment.

Tunstall alleges that the district court erred in refusing to decrease his offense level based upon acceptance of responsibility under U.S. Sentencing Guidelines Manual § 3E1.1 (1997). We review the district court's determination regarding acceptance of responsibility for clear error. See United States v. Curtis, 934 F.2d 553, 557 (4th Cir. 1991) (citing United States v. Harris, 882 F.2d 902, 905 (4th Cir. 1989)). In determining whether the defendant is qualified for the reduction, the district court should consider whether the defendant truthfully admits the conduct comprising the offenses of conviction. See USSG § 3E1.1, comment. (n.1(a)); United States v. Martinez, 901 F.2d 374, 377 (4th Cir. 1990).

The Government put forth the following evidence at the sentencing hearing. Tunstall was behind Cottingham's Liquor Store with other individuals. A nine-year-old boy, Calvin Hughes, approached Tunstall and Tunstall pulled a gun on him. Hughes ran to the police department and reported the incident. The police officers arrived at the scene and found a pistol in Tunstall's waistband. At that time Tunstall stated that the gun was not his and that he found it. Tunstall and the officers agree that Tunstall had been drinking.

Tunstall testified at his sentencing hearing. He said that he took the gun from Hughes as Hughes attempted to rob him. He then told Hughes to leave and Hughes started running. Tunstall testified that he planned on taking the gun to the police, but he was too drunk to do

2

so. On cross-examination, Tunstall denied telling an officer that he found the gun.

Law enforcement officials traced the origin of the gun back to a purchase made by Tunstall's landlord's husband approximately thirty years ago. Tunstall's landlord had reported the gun as stolen. At the sentencing hearing, Tunstall put on several witnesses to support his position that he removed the gun from Hughes. One witness testified that she was on an adjacent side street and saw Tunstall struggling with a four-foot tall black boy. Another witness testified that on a separate occasion Hughes and another boy hit him over the head with a bottle and stole a small amount of money from him. The proprietor of the liquor store testified that Hughes had attempted to take a man's wallet on another occasion. This testimony was corroborated by the victim. Finally, Tunstall's landlord testified that she had reported the gun in question as stolen, but that Tunstall was not a "plunderer."

Tunstall pled guilty minutes before his trial was set to commence, and after a jury had been selected. Tunstall agreed to plead guilty to the possession of a stolen firearm charge, but contested the facts for sentencing purposes. Tunstall claims that he pled guilty because he knew the gun was stolen because he took it from a nine-year-old child, and because nine-year-olds do not possess guns, he knew the gun had to be stolen. Tunstall denies that he pulled the gun on Hughes. The court considered Tunstall's plea to be a plea made in accordance with North Carolina v. Alford, 400 U.S. 25 (1970). The district court disbelieved Tunstall's version of the events, largely relying upon the testimony by police officers that Tunstall first told them he found the gun at the time of his arrest. Accordingly, the district court denied the reduction for acceptance of responsibility.

A defendant must admit a guilty intent as well as the acts committed. See United States v. Castner, 50 F.3d 1267, 1279-80 (4th Cir. 1995). A guilty plea does not automatically entitle a defendant to a sentence reduction for acceptance of responsibility. See United States v. Harris, 882 F.2d 902, 905 (4th Cir. 1989). In addition, although an Alford plea does not preclude receiving the reduction, it is a factor to consider. See United States v. Harlan, 35 F.3d 176, 181 (5th Cir. 1994); United States v. Burns, 925 F.2d 18, 20-21 (1st Cir. 1991); United States v. Tucker, 925 F.2d 990, 991 (6th Cir. 1991). The time-

3

liness of admission of responsibility is also a factor to consider. See United States v. Jones, 31 F.3d 1304, 1315 (4th Cir. 1994).

Because Tunstall denied the essential facts of this case, specifically, how he came into possession of the firearm, he cannot be deemed to have expressed genuine remorse and accepted responsibility for his crime. See United States v. Lancaster, 112 F.3d 156, 159 (4th Cir. 1997). In addition, Tunstall's plea came only minutes before trial and was essentially an Alford plea. We therefore find that the district court did not clearly err in refusing to grant the reduction for acceptance of responsibility.

This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4