[NOT FOR PUBLICATION-NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals
## For the First Circuit

---

No. 99-2086

CHRISTIAN CASTRO,

Plaintiff, Appellant,

v.

UNITED STATES,

Defendant, Appellee.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MAINE

[Hon. D. Brock Hornby, U.S. District Judge]

---

Before

Torruella, Chief Judge,
Stahl and Lynch, Circuit Judges.

---

Christian Castro on brief pro se.
Jay P. McCloskey, United States Attorney, and F. Mark Terison, Senior Litigation Counsel, on brief for appellee.

---

September 6, 2000

---

**Per Curiam**.   After a thorough review of the record and of the parties' submissions, we affirm.

Even if appellant Christian Castro ("Castro") had adequately alleged in his § 2255 petition that his counsel fell below the standard of care – a matter we do not decide – Castro wholly failed to establish that any alleged failure on counsel's part caused him prejudice. <u>Strickland v. Washington</u>, 466 U.S. 668, 694 (1984). "A defendant who enters a guilty plea is not entitled to an adjustment under [U.S.S.G. § 3E1.1] as a matter of right." <u>See</u> U.S.S.G. § 3E1.1, app. note 3; <u>see</u> <u>also</u> <u>United States v. Muriel</u>, 111 F.3d 975, 982 (1st Cir. 1997).   Rather, the court must consider a number of factors, including whether defendant "truthfully admit[s] the conduct comprising the offense[] of conviction."   U.S.S.G. § 3E1.1, app. note 1(a).   Castro indicates he would only have been willing to enter into a plea pursuant to <u>North Carolina v. Alford</u>, 400 U.S. 25 (1970), so he has failed to allege he would have "truthfully admitted" that he had conspired to distribute cocaine base.

Further, he has not alleged that he could have earned a section 3E1.1 reduction by pointing to any other factor listed in application note 1; and we see no indication in the record that he could have supported any such allegation. See generally United States v. Burns, 925 F.2d 18, 20-21 (1st Cir. 1991) (defendant entered Alford plea; court properly denied section 3E1.1 reduction where evidence as a whole indicated a lack of acceptance of responsibility). Thus, Castro failed to show any reasonable probability that the result at his sentencing would have been different had his attorney convinced him to plead guilty, Strickland, 466 U.S. at 694; so the lower court did not err in denying him an evidentiary hearing on his ineffective assistance of counsel claim. See United States v. McGill, 11 F.3d 223, 225-26 (1st Cir. 1993) ("[A] § 2255 motion may be denied without a hearing as to those allegations which, if accepted as true, entitled the movant to no relief. . . .").

Affirmed. 1st Cir. Loc. R. 27(c).