STATE OF NORTH CAROLINA v. DONALD EUGENE BAUCOM

No. 8326SC618

(Filed 7 February 1984)

1. **Criminal Law § 138— aggravating factor that evidence supported initial, more severe, charge—no need to set out specific facts**

    There was no error in the trial judge finding that defendant was allowed to plead guilty to taking indecent liberties with a child "after having been charged with First Degree Sexual Offense which was fully supported by the evidence," without setting forth the specific evidence upon which he relied. The record need only contain sufficient evidence to support the aggravating factor. G.S. 15A-1340.4(b).

2. **Criminal Law § 138— aggravating factor that offense committed against defendant's brother—no reasonable relationship to purpose of sentencing**

    Although an aggravating factor that defendant committed the sexual offense against his brother indicates that the trial judge was relying upon the aggravating factors set forth in G.S. 15A-1340.4(a)(1)(n), that defendant took advantage of a position of trust or confidence when he victimized his brother, the matter must, nevertheless, be remanded for resentencing since the sole fact

that the defendant and the victim were brothers was not a factor "reasonably related to the purposes of sentencing." G.S. 15A-1340.4(a).

APPEAL by defendant from *Snepp, Judge.* Judgment entered 12 January 1983 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 12 January 1984.

Defendant was indicted for committing a first degree sexual offense against his younger brother. The indictment was subsequently waived, and defendant agreed to be tried on an information charging him with taking indecent liberties with a child. Pursuant to a plea bargain agreement, defendant pleaded guilty to this latter charge in return for dismissal of the first degree sexual offense charge. He was sentenced to ten years.

Defendant appeals from the judgment and assigns error to two aggravating factors found by the sentencing judge.

*Attorney General Edmisten, by Associate Attorney General David R. Minges, for the State.*

*Assistant Public Defender Grant Smithson, for defendant-appellant.*

ARNOLD, Judge.

During the guilt adjudication phase of the proceedings, the State presented evidence that on 17 June 1982 the defendant, age 21, was living at home with his parents and younger brother, age 10. His mother discovered that defendant and his brother, the victim, were in the bathroom with the door locked, and she informed her husband. Defendant's father later asked the victim if anything had happened between him and defendant. The victim told his father that for the past three months defendant had victimized him. He indicated that on one occasion defendant had forced him to perform oral sex; and that defendant had attempted to sodomize him in the bathroom.

During the sentencing hearing, both the State and defendant presented evidence. At the conclusion of the hearing, the judge found the following non-statutory factors:

1. That as a result of plea agreement, defendant was allowed to plea to this offense after having been charged with First

Degree Sexual Offense which was fully supported by the evidence.

2. That factors indicated by the pre-sentence diagnostic study as to the threat to the community and defendant's immediate family.

3. That this offense was committed against the brother of the defendant.

The sole mitigating factor found by the judge was that defendant had no criminal record.

After finding the factors in aggravation outweighed the factor in mitigation, the judge sentenced defendant to 10 years and recommended that he be given an immediate psychiatric evaluation and treatment.

[1] Defendant now argues that the sentencing judge committed prejudicial error in finding aggravating factors Nos. 1 and 3. He assigns error to aggravating factor No. 1 for the reason that the judge failed to set out the specific facts which supported the initial charge of first degree sexual offense. The judge found that defendant was allowed to plead guilty to taking indecent liberties with a child "after having been charged with First Degree Sexual Offense which was fully supported by the evidence." Defendant argues that this finding does not meet the requirements of the Fair Sentencing Act.

G.S. 15A-1340.4(b) of this Act provides: "If the judge imposes a prison term for a felony that differs from the presumptive term . . ., the judge must specifically list in the record each matter in aggravation or mitigation that he finds proved by a preponderance of the evidence." The State argues, and we agree, that this statutory language does not require the sentencing judge to include in his finding of an aggravating factor the specific evidence on which he relies. The record need only contain sufficient evidence to support the aggravating factor. We find support for this position in *State v. Ahearn*, 307 N.C. 584, 300 S.E. 2d 689 (1983). There the Supreme Court emphasized:

The sentencing judge's discretion to impose a sentence within the statutory limits, but greater or lesser than the presumptive term, is carefully guarded by the requirement

State v. Baucom

that he make written findings in aggravation and mitigation, which findings must be proved by a preponderance of the evidence; that is, by the greater weight of the evidence.

*Id.* at 596, 300 S.E. 2d at 696-697.

In the case now before us, *all* the evidence showed that the 21-year-old defendant had forced his 10-year-old brother to perform oral sex upon him. This evidence supports the charge of first degree sexual offense as defined in G.S. 14-27.4(a), and therefore supports aggravating factor No. 1.

[2]  Defendant next assigns error to the finding of factor in aggravation that the offense was committed against defendant's brother. During the sentencing hearing the State argued that the judge should consider that defendant took advantage of a position of trust or confidence when he victimized his brother. The judge did not cite this statutory aggravating factor set out in G.S. 15A-1340.4(a)(1)(n), but instead, found that defendant committed the sexual offense against his "brother."

Defendant argues that a "brother relationship is not one of trust and confidence envisioned in the Fair Sentencing Act, because it lacks legal duties and obligations which characterize legally ordained relationships such as parent-child and husband-wife." Under the circumstances here, we may find this argument to be flawed. There was sufficient evidence for the sentencing judge to find that the 21-year-old defendant took advantage of a position of trust or confidence by sodomizing his 10-year-old brother during the time the two were residing in their parents' home. While the record strongly suggests that the judge was referring to this statutory aggravating factor when he found that defendant committed the sexual offense against his brother, the matter must, nevertheless, be remanded for resentencing.

The sole fact that the defendant and the victim were brothers is not a factor "reasonably related to the purposes of sentencing." G.S. 15A-1340.4(a). This relationship, without more, does not constitute a factor that may diminish or increase defendant's culpability. *See* G.S. 15A-1340.3.

In light of the increasing number of cases that have been remanded because of erroneous findings of non-statutory factors

in aggravation, this Court deems it appropriate to remind trial judges that only one factor in aggravation is necessary to support a sentence greater than the presumptive term. The trial judge must determine that this factor is proved by a preponderance of the evidence and outweighs any mitigating factors. G.S. 15A-1340.4(b). "The balance struck by the trial judge will not be disturbed if there is support in the record for his determination. [Citations omitted.]" *State v. Davis*, 58 N.C. App. 330, 333-34, 293 S.E. 2d 658, 661, *disc. rev. denied*, 306 N.C. 745, 295 S.E. 2d 482 (1982). With these rules in mind the trial judge may wish to exercise restraint when considering non-statutory aggravating factors after having found statutory factors. This prudent course of conduct would lessen the chance of having the case remanded for resentencing.

Because we find error in the non-statutory aggravating factor listed by the trial judge, the case is

Remanded for resentencing.

Judges JOHNSON and PHILLIPS concur.