STATE OF NORTH CAROLINA v. ANTONIO NORMAN

No. COA01-975

(Filed 18 June 2002)

## 1. Sentencing— weighing aggravating and mitigating factors—each aggravating factor outweighing all mitigating factors

The trial court did not err when sentencing defendant for the conspiracy to commit burglary, first-degree burglary, and attempted second-degree rape by finding that each aggravating factor was sufficient in and of itself to outweigh all mitigating factors. As the court's discretion includes the power to find that one aggravating factor outweighs several mitigating factors, the court may also properly determine that each of several aggravating factors is by itself sufficient to outweigh all mitigating factors. Furthermore, the court eliminated the need for remand if there was error in finding an aggravating factor.

## 2. Sentencing— aggravating factors—sleep—victim more vulnerable

The trial court properly aggravated sentences for first-degree burglary, attempted second-degree rape, and conspiracy to commit burglary on the grounds that the victims were asleep and thus more vulnerable. Sleep will constitute a proper basis for an aggravating factor if it impaired the victim's ability to flee, fend off an attack, or otherwise avoid being victimized.

**3. Sentencing— mitigating factor—accepting responsibility for conduct—apology not sufficient**

The trial court did not err when sentencing defendant for first-degree burglary, attempted second-degree rape, and conspiracy to commit burglary by not finding as a mitigating factor that he accepted responsibility for his criminal conduct based on his apology at the sentencing hearing. Defendant was remorseful, but his statement does not lead to the sole inference that he accepted that he was responsible for the result of his criminal conduct.

**4. Sentencing— mitigating factor—child support—evidence insufficient**

The trial court did not err when sentencing defendant for first-degree burglary, attempted second-degree rape, and conspiracy to commit burglary by not finding as a mitigating factor that he supports his family where comments were made by his attorney at the hearing about defendant providing child support, but no specific evidence was offered.

On writ of certiorari from judgments dated 1 August 2000 by Judge Jerry R. Tillett in Dare County Superior Court. Heard in the Court of Appeals 21 May 2002.

*Attorney General Roy Cooper, by Assistant Attorney General Christine M. Ryan, for the State.*

*Paul Pooley for defendant-appellant.*

GREENE, Judge.

Antonio Norman (Defendant), by writ of certiorari, appeals judgments dated 1 August 2000 entered pursuant to a plea agreement under which he pled guilty to attempted second-degree rape, first-degree burglary, and conspiracy to commit first-degree burglary.

On 13 December 1999, Defendant was indicted for first-degree burglary and attempted first-degree rape of both Lessie H. Payne (Payne) and Helen Scarborough (Scarborough). Defendant pled guilty to first-degree burglary and attempted second-degree rape as to Payne and conspiracy to commit first-degree burglary in respect to Scarborough. Testimony of the investigating officers submitted by the State to establish the factual basis for entry of the plea agreement revealed that, on the night of 14 November 1997, Defendant, a black male, broke into Payne's residence and entered the bedroom where

Payne was sleeping. When Payne awoke and noticed a presence in the room, Defendant covered her head with a pillow. As Payne struggled with Defendant, they rolled off the bed, at which point Defendant attempted to pull down Payne's underwear. While Payne did not believe Defendant had penetrated her with his penis, she thought he may have ejaculated on her leg prior to running from the room. As a result of the attack, Payne suffered a fractured wrist and hand, swelling, dark bruising, lacerations, and abrasions. During a subsequent medical examination of Payne, a single pubic hair was found that contained traces of semen which were later matched to Defendant. At the time of the attack, Payne was seventy-eight years old.

On the night of 25 June 1998, Defendant went to Scarborough's residence. Scarborough was sleeping in her bedroom but awoke when she felt someone's hand around her neck. When she realized it was a man trying to hold her down, she began to struggle with him. Scarborough thought the man was trying to rape her, so she told him about her broken hip. The struggle continued for fifteen to twenty-five minutes until the man ran from the residence. Scarborough described her attacker as a white male between twenty and thirty years of age. While Scarborough had preexisting bruises on her legs prior to the attack, the struggle had worsened those bruises to such an extent that she required plastic surgery on both legs. According to her daughter, Scarborough's general health deteriorated considerably after the attack and she was never the same person. At the time of the attack, Scarborough, who died prior to the sentencing hearing, was ninety-two years old.

Defendant confessed to having broken into Payne's residence. Although he first admitted having entered Scarborough's residence, Defendant later recanted and told the investigating officers that an accomplice, a white male, had actually entered Scarborough's residence and attacked her. During the course of Defendant's discussions with law enforcement, he stated he was sorry for what he had done to Payne and Scarborough. At the sentencing hearing, Defendant addressed Scarborough's daughter and made the following statement:

> I just want to apologize for my wrongdoing and whatever. I understand how you feel and I know your mom will never be back with you and I kind of feel the same way, that I will never be with my one[-]year-old son again because of the actions that I

**STATE v. NORMAN**

[151 N.C. App. 100 (2002)]

took part in[,] and I just wanted—just wanted to let you know that I am sorry for the part that I took in it and I hope that you will forgive me.

And for the rest of the things that I have been included in, I apologize for that, too.

Defendant requested the trial court to consider as mitigating factors Defendant's acceptance of responsibility at the sentencing hearing as well as his support obligation to his child. No evidence was submitted to corroborate Defendant's support obligations.

In accordance with the plea agreement, the trial court entered a judgment for felony conspiracy in the Scarborough case and a separate judgment for first-degree burglary and attempted second-degree rape in the Payne case. The trial court found the same aggravating and mitigating factors for both the Scarborough and the Payne case. Among the several aggravating factors, the trial court found that the victims were asleep, which made their condition "more vulnerable and susceptible to injury or victimization."[1] As mitigating factors, the trial court found that: (1) Defendant suffered from a mental condition that significantly reduced his culpability for the offenses; (2) Defendant's mental capacity was limited at the time the offenses were committed; (3) Defendant voluntarily acknowledged wrong-doing at an early stage in the criminal process; (4) Defendant has a support system in the community; and (5) Defendant has a positive employment history or is gainfully employed. The trial court further found that "each and every aggravating factor outweigh[ed] all mitigating factors" and therefore "each aggravating factor [was] in and of itself a sufficient basis for the imposition of a sentence in the aggravated range."

The issues are whether the trial court erred in: (I) finding that each aggravating factor standing alone outweighed all mitigating factors combined; (II) finding as an aggravating factor that the victims were asleep; and (III) rejecting as mitigating factors that Defendant accepted responsibility for his criminal conduct and that Defendant supported his family.

---

1. The trial court further found as aggravating factors that: (1) the victims were very old; (2) Defendant engaged in a pattern of conduct causing or indicating serious danger to society; (3) Defendant set a course of criminal conduct in motion by his actions; (4) Defendant committed actions that could have been but were not the basis for joinable criminal convictions; and (5) the crimes were planned and/or premeditated and/or deliberated.

I

**[1]** Defendant argues the trial court committed error by finding that each aggravating factor was sufficient in and of itself to outweigh all mitigating factors. Defendant contends that the trial court, in doing so, attempted to insulate itself from the rule requiring remand for resentencing where an aggravating factor was improperly found. *See State v. Ahearn*, 307 N.C. 584, 602, 300 S.E.2d 689, 701 (1983); *State v. Taylor*, 74 N.C. App. 326, 328, 328 S.E.2d 27, 29, *disc. review denied*, 314 N.C. 547, 335 S.E.2d 319 (1985). While this may be true, we find nothing in the case law or statutes that would prohibit this form of balancing.

Section 15A-1340.16(b) of the North Carolina General Statutes provides that "[i]f the [trial] court finds that aggravating factors are present and are sufficient to outweigh any mitigating factors that are present, it may impose a sentence that is permitted by the aggravated range." N.C.G.S. § 15A-1340.16(b) (2001). The weighing of aggravating and mitigating factors is within the sound discretion of the trial court. *State v. Davis*, 58 N.C. App. 330, 333, 293 S.E.2d 658, 661, *disc. review denied*, 306 N.C. 745, 295 S.E.2d 482 (1982). Thus, "[a] sentencing judge properly may determine in appropriate cases that one factor in aggravation outweighs more than one factor in mitigation and vice versa." *State v. Parker*, 315 N.C. 249, 258, 337 S.E.2d 497, 502 (1985). Furthermore, the trial court "need not justify the weight [it] attaches to any factor." *Ahearn*, 307 N.C. at 597, 300 S.E.2d at 697. On the other hand, this Court has recommended restraint on the part of trial courts in finding non-statutory aggravating factors after having found statutory factors and noted that only one error in finding an aggravating factor requires remand. *See State v. Baucom*, 66 N.C. App. 298, 301-02, 311 S.E.2d 73, 75 (1984). The need for remand is based on an appellate court's inability to determine the respective weights assigned by a trial court to each factor when such weight distributions are normally not specified in the record on appeal.

As the trial court's discretion includes the power to find that one aggravating factor outweighs several mitigating factors, the trial court may also properly determine that each of several aggravating factors is in and of itself sufficient to outweigh all mitigating factors. Furthermore, because the trial court in this case specifically noted its weight distribution by stating that each aggravating factor, standing on its own, was sufficient to outweigh all the mitigating factors, it eliminated the need for remand if this Court were to determine that the trial court had erred in finding an aggravating factor.

**STATE v. NORMAN**

*[151 N.C. App. 100 (2002)]*

## II

**[2]** Because the trial court could properly find that each aggravating factor in and of itself was sufficient to outweigh all mitigating factors, we must only determine whether the evidence supported one of the aggravating factors found by the trial court.

Defendant argues the trial court erred in aggravating his sentence based upon a finding that the victims were asleep and thus more vulnerable and susceptible to injury or victimization. This non-statutory factor is analogous to the statutory factor allowing a trial court to aggravate a defendant's sentence based on the victim's age. *State v. Davy*, 100 N.C. App. 551, 558, 397 S.E.2d 634, 638, *appeal dismissed and disc. review denied*, 327 N.C. 638, 398 S.E.2d 871 (1990); N.C.G.S. § 15A-1340.16(d)(11) (2001). The concern addressed by this aggravating factor is vulnerability. *See Ahearn*, 307 N.C. at 603, 300 S.E.2d at 701. Accordingly, the State has the burden of showing that: (1) the victim was in fact vulnerable because of conditions at the time of the offense and (2) she was targeted either because of these conditions or the defendant took advantage of them while committing the offense. *State v. Drayton*, 321 N.C. 512, 514, 364 S.E.2d 121, 122 (1988). Sleep will therefore constitute a proper basis for an aggravating factor if it impaired the victim's ability to flee, fend off an attack, or otherwise avoid being victimized. *Id.* Furthermore, this Court has stated that "being asleep would surely render a rape victim [more] vulnerable to attack." *Davy*, 100 N.C. App. at 559, 397 S.E.2d at 638.

In this case, both victims were asleep, and thus in a vulnerable state, when a man entered their respective bedrooms. This vulnerable state was taken advantage of when the victims, still lying in their beds, were subsequently attacked. Thus, the trial court properly aggravated Defendant's sentences on the grounds the victims were asleep, thus making them more vulnerable and susceptible to injury or victimization.

## III

**[3]** Defendant further argues the trial court committed error in failing to find legally and factually supported mitigating factors.

A defendant has the burden of proving by a preponderance of the evidence the existence of mitigating factors. N.C.G.S. § 15A-1340.16(a) (2001). "A trial judge is given 'wide latitude in deter-

mining the existence of . . . mitigating factors,' and the trial court's failure to find a mitigating factor is error only when 'no other reasonable inferences can be drawn from the evidence.' " *State v. Godley*, 140 N.C. App. 15, 27, 535 S.E.2d 566, 575 (2000) (quoting *State v. Canty*, 321 N.C. 520, 524, 364 S.E.2d 410, 413 (1988)), *disc. review denied*, 353 N.C. 387, 547 S.E.2d 25, *cert. denied*, 532 U.S. 964, 149 L. Ed. 2d 384 (2001).

Defendant first contends the trial court should have found as a mitigating factor, based on his apology at the sentencing hearing, that Defendant accepted responsibility for his criminal conduct. We disagree.

A defendant accepts responsibility for his criminal conduct by accepting that he is answerable for the result of his criminal conduct. *Godley*, 140 N.C. App. at 28, 535 S.E.2d at 576. While Defendant in this case was remorseful at the sentencing hearing and apologized for the "part" that he had played in the crimes committed against Payne and Scarborough, his statement does not lead to the sole inference that he accepted he was answerable for the result of his criminal conduct. Thus, the trial court did not err in failing to find as a mitigating factor that Defendant accepted responsibility for his criminal conduct.

[4] Defendant also argues the trial court erred in failing to find as a mitigating factor that Defendant supports his family. Although comments were made by Defendant's attorney at the sentencing hearing about Defendant's provision of child support for his son, no specific evidence was offered to substantiate this allegation. Accordingly, the trial court did not err in rejecting this proposed mitigating factor as well.

Affirmed.

Judges HUDSON and BIGGS concur.