STATE OF NORTH CAROLINA v. JAMES MEYNARDIE

No. COA04-547

(Filed 2 August 2005)

**1. Sentencing— aggravating factors—*Blakely* error—took advantage of position of trust and confidence**

The trial court erred in a first-degree sexual offense and double indecent liberties with a minor case by finding the aggravating factor that defendant took advantage of a position of trust and confidence to commit the offense without submitting this issue to the jury, and defendant's convictions are remanded for resentencing, because: (1) defendant was not aware of his right to have a jury determine the existence of the aggravating factor since neither *Blakely v. Washington*, 542 U.S. 296 (2004), nor *State v. Allen*, 359 N.C. 425 (2005), had been decided at the time of defendant's sentencing hearing, and therefore, defendant did not knowingly and effectively stipulate to the aggravating factor nor waive his right to a jury trial on the issue of the aggravating factor when he stipulated to the State's factual basis for his *Alford* plea; (2) the harmless error rule does not apply to sentencing errors which violate a defendant's Sixth Amendment right to jury trial pursuant to *Blakely*; and (3) plain error review is only appropriate when error has occurred in the trial court's instructions to the jury or its ruling on the admissibility of evidence.

**2. Sentencing— mitigating factors—voluntarily acknowledged wrongdoing at early stage in criminal process—trial court's failure to record**

The trial court committed harmless error in a first-degree sexual offense and double indecent liberties with a minor case by failing to record its finding that defendant voluntarily acknowl-

edged wrongdoing at an early stage in the criminal process, because: (1) the failure of the judgment to reflect this finding is a mere clerical error that does not merit a new sentencing hearing; and (2) the trial court can amend its judgment to accurately reflect the finding in mitigation since this case was remanded for resentencing on other grounds.

## 3. Sentencing— mitigating factors—accepted responsibility for criminal conduct

The trial court did not err in a first-degree sexual offense and double indecent liberties with a minor case by failing to find in mitigation that defendant accepted responsibility for his criminal conduct under N.C.G.S. § 15A-1340.16(e)(15), because: (1) defendant failed to request that the trial court find this factor in mitigation, and the trial court has a duty to find the factor only when the evidence offered at the sentencing hearing supports the existence of a mitigating factor specifically listed in N.C.G.S. § 15A-1340.16(e) and when defendant meets the burden of proof; (2) a defendant's apology at a sentencing hearing does not lead to the sole inference that defendant has accepted responsibility for his criminal conduct; (3) defendant's *Alford* plea merits against finding that defendant accepted responsibility for his conduct; and (4) defendant's confession and psychiatric treatment do not necessarily lead to the conclusion that defendant has taken responsibility for his conduct.

## 4. Sentencing— weighing of aggravating and mitigating factors

The trial court's finding in a first-degree sexual offense and double indecent liberties with a minor case that the aggravating factor outweighed the mitigating factor was not manifestly unsupported by reason and there is no evidence that it failed to give the appropriate weight to either factor. The trial court properly exercised its discretion and the Court of Appeals defers to its balance of the factors.

Appeal by defendant from judgment entered 20 May 2002 by Judge William C. Griffin, Jr. in Superior Court, Beaufort County. Heard in the Court of Appeals 16 February 2005.

*Attorney General Roy Cooper, by Assistant Attorney General Emery E. Milliken, for the State.*

*Daniel F. Read for defendant.*

STATE v. MEYNARDIE

[172 N.C. App. 127 (2005)]

McGEE, Judge.

James Meynardie (defendant) entered an *Alford* guilty plea on 20 May 2002 to one charge of first degree sexual offense and two charges of indecent liberties with a minor. Pursuant to the plea agreement, the trial court consolidated all three charges into one judgment. Defendant stipulated to the State's factual basis for entry of the plea, which tended to show the following. Defendant's stepson, J.F., reported to J.F.'s father that defendant had shown J.F. a pornographic magazine and had told J.F. that he wanted J.F. to do what was depicted in the magazine. Defendant then touched J.F.'s penis underneath J.F.'s clothes and "tr[ied] to get [J.F.] to do what the girls in the magazine were doing." J.F. refused.

J.F.'s father reported what J.F. had told him to J.F.'s mother, defendant's wife, who called law enforcement. Child Protective Services (CPS) interviewed J.F. and J.F.'s brother, M.C. Both J.F. and M.C. stated that defendant had touched their genitalia. Defendant subsequently admitted to CPS that he had sexually molested both J.F. and M.C.

While defendant was being held for trial, law enforcement discovered that defendant had also molested B.H., the daughter of defendant's former girlfriend. When confronted, defendant also admitted to sexually molesting B.H.

At sentencing, the State requested that the trial court find as an aggravating factor that defendant took advantage of a position of trust and confidence to commit the offenses. Defendant requested that the trial court find in mitigation that defendant voluntarily acknowledged his wrongdoing prior to his arrest and at an early stage in the criminal process. The trial court, without submitting the issue of the aggravating factor to a jury, found the aggravating factor that defendant took advantage of a position of trust and confidence to commit the offenses. In open court, the trial court also found in mitigation that defendant admitted wrongdoing at an early stage in the criminal process. Also in open court, the trial court found that the aggravating factor outweighed the mitigating factor. However, the written judgment only reflects the trial court's finding in aggravation and omits the finding in mitigation. The written judgment also omits the trial court's weighing of the factors. Defendant was sentenced to 280 to 345 months in prison. Defendant appeals.

I.

**[1]** After defendant filed his brief with this Court on 16 June 2004, the United States Supreme Court decided *Blakely v. Washington*, 542 U.S. 296, 159 L. Ed. 2d 403 (2004) on 24 June 2004. Defendant thereafter filed a Motion for Appropriate Relief with this Court, arguing that the trial court's finding of an aggravating factor was unconstitutional, since a jury did not find the aggravating factor by a reasonable doubt and defendant did not admit to the factor.

The North Carolina Supreme Court recently held that N.C. Gen. Stat. § 15A-1340.16 was unconstitutional to the extent that it permitted a trial court to find a factor in aggravation when the factor was not submitted to a jury or admitted to by the defendant. *State v. Allen*, 359 N.C. 425, 438-39, 615 S.E.2d 256, 265 (2005). Since the trial court did not submit the issue of the aggravating factor to a jury, its finding of the aggravating factor was error unless defendant admitted to the factor.

The State argues that defendant stipulated to the existence of the aggravating factor when he stipulated to the State's factual basis for his plea. The State argues that the factual basis, which showed that defendant sexually abused the children of women with whom he was romantically involved, necessarily established that defendant took advantage of a position of trust and confidence. The State also points to defendant's failure to object to the State's request that the trial court find the aggravating factor, and to the following statement made by defense counsel at the sentencing hearing:

> [COUNSEL FOR DEFENDANT]: Your Honor, I understand the State's position, their position for an aggravating factor. There would also be, Your Honor, the—as a counterbalance towards any of that—the—the fact that he voluntarily acknowledged his wrongdoing at an early stage . . . .

*Blakely* and *Allen* established that a criminal defendant has a constitutional right to a jury trial on whether an aggravating factor exists. *Blakely*, 542 U.S. at ——, 159 L. Ed. 2d at 414-15; *Allen*, 359 N.C. at 437, 615 S.E.2d at 264-65. In order for a defendant to effectively waive the right to a jury trial, the waiver "not only must be voluntary but must be [a] knowing, intelligent act[] done with sufficient awareness of the relevant circumstances and likely consequences." *Brady v. United States*, 397 U.S. 742, 748, 25 L. Ed. 2d 747, 756 (1970).

Since neither *Blakely* nor *Allen* had been decided at the time of defendant's sentencing hearing, defendant was not aware of his right to have a jury determine the existence of the aggravating factor. Therefore, defendant's stipulation to the factual basis for his plea was not a "knowing [and] intelligent act[] done with sufficient awareness of the relevant circumstances and likely consequences." *Brady*, 397 U.S. at 748, 25 L. Ed. 2d at 756. We hold that defendant did not knowingly and effectively stipulate to the aggravating factor, nor waive his right to a jury trial on the issue of the aggravating factor.

The State argues that if any *Blakely* error occurred, the error was harmless. However, our Supreme Court held in *Allen* that "the harmless-error rule does not apply to sentencing errors which violate a defendant's Sixth Amendment right to jury trial pursuant to *Blakely*." *Allen*, 359 N.C. at 449, 615 S.E.2d at 272. We accordingly do not review the finding of the aggravating factor for harmless error.

In the alternative, the State requests that we review the *Blakely* issue for plain error. Not only have our Courts consistently held that plain error review is only appropriate when error has occurred in the trial court's instructions to the jury or its ruling on the admissibility of evidence, *see, e.g., State v. Roache*, 358 N.C. 243, 275, 595 S.E.2d 381, 403 (2004), our Supreme Court held in *Allen* that "*Blakely* errors arising under North Carolina's Structured Sentencing Act are structural and, therefore, reversible per se." *Allen*, 359 N.C. at 444, 615 S.E.2d at 269. We grant defendant's Motion for Appropriate Relief and remand this case for resentencing in accordance with *Blakely* and *Allen*.

Although we remand for resentencing, we elect to review defendant's assignments of error in order to provide guidance to the trial court on remand.

## II.

[2] Defendant first assigns error to the trial court's failure to record its finding that defendant voluntarily acknowledged wrongdoing at an early stage in the criminal process. The State concedes that the trial court did in fact find the mitigating factor. However, the State argues that the failure to record the finding is merely a clerical error and is not error that merits a new sentencing hearing. *See State v. Gell*, 351 N.C. 192, 218, 524 S.E.2d 332, 349, *cert. denied*, 531 U.S. 867, 148 L. Ed. 2d 110 (2000) (finding that when a judgment mistakenly indicated that the trial court found an aggravating factor, it was "an obvi-

ous clerical error because it [wa]s inconsistent with the trial court's actual findings[,]" and the defendant was not entitled to a new sentencing hearing).

The transcript of the plea proceedings indicates that the trial court clearly found the mitigating factor in open court when it stated: "Find in mitigation that at an early—that [defendant] admitted wrongdoing. Find the aggravating factor outweighs the mitigating factor." The failure of the judgment to reflect this finding is a mere clerical error that does not merit a new sentencing hearing. However, since we remand this case for resentencing on other grounds, we direct the trial court to amend its judgment to accurately reflect the finding in mitigation.

III.

[3] Defendant next assigns error to the trial court's failure to find in mitigation that defendant accepted responsibility for his criminal conduct, under N.C. Gen. Stat. § 15A-1340.16(e) (15). In support of his argument, defendant points to the evidence that defendant confessed that he committed the crimes, was receiving psychiatric treatment for his condition, and entered an *Alford* guilty plea. After entering his *Alford* plea, but prior to sentencing, defendant made the following statement: "I'm just sorry for what I did, and I just hope the family will forgive me for what I did, and I'm really working hard at getting my life straight."

At the sentencing hearing, defendant failed to request that the trial court find in mitigation that defendant accepted responsibility for his criminal conduct. When a defendant fails to request that a trial court find a factor in mitigation, the trial court has a duty to find the factor "only when the evidence offered at the sentencing hearing supports the existence of a mitigating factor *specifically listed in N.C. Gen. Stat. § 15A-1340.4(a)(2)* [now N.C. Gen. Stat. § 15A-1340.16(e)] and when the defendant meets the burden of proof established in *State v. Jones*, 309 N.C. 214, 306 S.E.2d 451 (1983)." *State v. Gardner*, 312 N.C. 70, 73, 320 S.E.2d 688, 690 (1984). Under *Jones*,

> [a defendant's] position is analogous to that of a party with the burden of persuasion seeking a directed verdict. [The defendant] is asking the court to conclude that "the evidence so clearly establishes the fact in issue that no reasonable inferences to the contrary can be drawn," and that the credibility of the evidence "is manifest as a matter of law."

*Jones*, 309 N.C. at 219-20, 306 S.E.2d at 455 (quoting *Bank v. Burnette*, 297 N.C. 524, 536, 256 S.E.2d 388, 395 (1979)).

A defendant has accepted responsibility for his criminal conduct "when he accepts that he is 'answerable [for] . . . the result' of his criminal conduct." *State v. Godley*, 140 N.C. App. 15, 28, 535 S.E.2d 566, 576 (2000), *disc. review denied*, 353 N.C. 387, 547 S.E.2d 25, *and cert. denied*, 532 U.S. 964, 149 L. Ed. 2d 384 (2001) (alterations in original) (quoting Webster's Third New International Dictionary 1935 (1968)). A defendant's apology at a sentencing hearing does not lead to the sole inference that the defendant has accepted responsibility for the defendant's criminal conduct. *State v. Norman*, 151 N.C. App. 100, 106, 564 S.E.2d 630, 634 (2002); *see also Godley*, 140 N.C. App. at 29, 535 S.E.2d at 576. In *Norman*, the defendant gave the following apology in open court:

> I just want to apologize for my wrongdoing and whatever. I understand how you feel and I know your mom will never be back with you and I kind of feel the same way, that I will never be with my one[-]year-old son again because of the actions that I took part in[,] and I just wanted—just wanted to let you know that I am sorry for the part that I took in it and I hope that you will forgive me.
>
> And for the rest of the things that I have been included in, I apologize for that, too.

*Norman*, 151 N.C. App. at 102-03, 564 S.E.2d at 632 (alterations in original). The defendant argued that this apology supported a finding in mitigation that the defendant had taken responsibility for his criminal conduct. *Id.* at 106, 564 S.E.2d at 634. While recognizing that the defendant was "remorseful," our Court held that defendant's "statement does not lead to the sole inference that he accepted he was answerable for the result of his criminal conduct." *Id.*; *see also Godley*, 140 N.C. App. at 29, 535 S.E.2d at 576 (finding that the defendant's apology "[wa]s not so persuasive that [the] [d]efendant's acceptance of responsibility for his conduct [wa]s the only reasonable inference that c[ould] be drawn from the statement.").

Like the defendant in *Norman*, we find that defendant has failed to meet the *Jones* burden of proving the factor in mitigation. *Jones*, 309 N.C. at 219-20, 306 S.E.2d at 455. Defendant's apology does not definitively establish that defendant took responsibility for his criminal conduct such that " 'no reasonable inferences to the contrary can be drawn.' " *Id.* at 220, 306 S.E.2d at 455 (quoting *Burnette*, 297 N.C.

**STATE v. MEYNARDIE**

[172 N.C. App. 127 (2005)]

at 536, 256 S.E.2d at 395). In addition, we find that defendant's *Alford* plea merits against finding that defendant accepted responsibility for his conduct. The *Alford* plea permitted defendant to "consent to the imposition of a prison sentence even if he [wa]s unwilling or unable to admit his participation in the acts constituting the crime." *North Carolina v. Alford*, 400 U.S. 25, 37, 27 L. Ed. 2d 162, 171 (1970). Defendant's *Alford* plea indicates a reluctance to take full responsibility for his criminal conduct. Finally, defendant's confession and psychiatric treatment do not necessarily lead to the conclusion that defendant has taken responsibility for his conduct. Therefore, we cannot find that the trial court erred in failing to find in mitigation that defendant took responsibility for his criminal conduct.

IV.

**[4]** Defendant's final assignment of error contends that the trial court erred when it found that the aggravating factor outweighed the mitigating factor. Defendant argues that the trial court did not accept his *Alford* plea as a legitimate and constitutional guilty plea, and that this predisposition negatively affected the mitigating evidence.

At trial, after defendant requested that the trial court find in mitigation that defendant voluntarily acknowledged his wrongdoing at an early stage in the criminal process, the trial court made the following statements:

> Well, [counsel for defendant], I—you make a sound argument for mitigation. The only thing that troubles me about that is that he's entered a—he—he voluntarily told the police about this other offense that has put him in the position of facing this long sentence. He ought to get some credit for that, but yet he's entered an [*Alford*] [p]lea which I don't really follow[,] you know. You want me to find that he's admitted his wrongdoing, yet he's entered a plea here where he's—he doesn't admit it, and—you know—I don't really understand the rationale behind what's gone on here.
>
> . . . .
>
> [Defendant has] come into court and entered a plea where he doesn't admit his guilt. I just find that sort of inconsistent that—I just don't understand it[,] you know.

Defendant contends that, considering the trial court's statements, it is impossible to know whether the trial court gave appropriate weight to the mitigating factor. We disagree.

A trial court has sound discretion in weighing aggravating and mitigating factors. *State v. Parker*, 315 N.C. 249, 258, 337 S.E.2d 497, 502-03 (1985). A trial court's balance of the factors will only be disturbed when manifestly unsupported by reason. *State v. Butler*, 341 N.C. 686, 694, 462 S.E.2d 485, 489 (1995). Furthermore, a trial court "need not justify the weight [it] attaches to any factor. . . . [The appellate courts] defer to the wisdom of the trial [court] the appropriateness of the severity of punishment imposed on the particular offender." *State v. Ahearn*, 307 N.C. 584, 597-98, 300 S.E.2d 689, 697-98 (1983).

In this case, we cannot find that the trial court's finding that the aggravating factor outweighed the mitigating factor was manifestly unsupported by reason. There is no evidence that the trial court failed to give the appropriate weight to either the factor in aggravation or the factor in mitigation. The trial court properly exercised its discretion and we defer to its balance of the factors.

Affirmed, remanded for resentencing.

Judges TYSON and GEER concur.