STATE v. MEYNARDIE

[361 N.C. 416 (2007)]

STATE OF NORTH CAROLINA v. JAMES MEYNARDIE

No. 446PA05

(Filed 28 June 2007)

**Sentencing— aggravating factors—position of trust or confidence—insufficient evidence—remand for resentencing**

A first-degree sexual offense case involving the daughter of defendant's former girlfriend is remanded for resentencing where the trial court sentenced defendant in the aggravated range based upon a finding that defendant took advantage of a position of trust or confidence but the record includes no description of the relationship among defendant, the victim, and the victim's mother, and it is unclear what position of trust or confidence may have existed.

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, 172 N.C. App. 127, 616 S.E.2d 21 (2005), affirming a judgment entered 20 May 2002 by Judge William C. Griffin, Jr. in Superior Court, Beaufort County, but remanding the case for resentencing after granting defendant's Motion for Appropriate Relief. Heard in the Supreme Court 7 May 2007.

*Roy Cooper, Attorney General, by Robert C. Montgomery, Special Deputy Attorney General, for the State-appellant.*

*Daniel F. Read for defendant-appellee.*

PER CURIAM.

Defendant entered *Alford* pleas to one charge of first-degree sexual offense and two charges of indecent liberties with a minor. The trial court consolidated all three charges into one judgment and sentenced based upon the most serious charge, the first-degree sexual offense. This offense involved B.H., the daughter of defendant's former girlfriend. The trial court sentenced defendant in the aggravated range, finding defendant took advantage of a position of trust or confidence to commit the offense. Because the record fails to include any description of the relationship existing among defendant, B.H., and B.H.'s mother at the time of the offense, it is unclear what position of trust or confidence may have existed. The matter is remanded to the Court of Appeals for further remand to the trial court for resentencing, where evidence of the existence of this and other factors in

aggravation may be presented to the jury and factors in mitigation may be considered by the court.

AFFIRMED AND REMANDED.