STATE OF NORTH CAROLINA
v.
REGINALD DEWAYNE JEFFRIES, JR.
No. COA07-1128
Court of Appeals of North Carolina.
Filed April 1, 2008
This case not for publication
Attorney General Roy A. Cooper, III, by Assistant Attorney General Lisa Harper, for the State.
Greene & Wilson, P.A., by Thomas Reston Wilson, for defendant-appellant.
HUNTER, Judge.
Reginald Dewayne Jeffries ("defendant") appeals a judgment entered upon his conviction for possessing a controlled substance on jail premises. We affirm.
On 6 November 2006, defendant was indicted for possessing a controlled substance on jail premises. Defendant was also indicted for possession with intent to sell or deliver cocaine and misdemeanor possession of marijuana. The case was tried at the 2 April 2007 Criminal Session of Buncombe County Superior Court. At the close of all the evidence, the trial court dismissed the charge of possession of cocaine with intent to sell or deliver for insufficiency of the evidence. Upon dismissal of the charge, defendant agreed to plead guilty pursuant to a plea agreement to the charge of possessing a controlled substance on jail premises. Defendant also admitted to the existence of the aggravating factor that he committed the offense while on pretrial release on another charge. The possession of marijuana charge was dismissed pursuant to the plea agreement. At sentencing, the trial court declined to find any factors in mitigation. The trial court sentenced defendant from the aggravated range to a term of fourteen to seventeen months' imprisonment. Defendant appeals.
Defendant's sole argument on appeal is that the trial court erred by failing to find factors in mitigation. Defendant claims that his pretrial offer to plead guilty, and his plea of guilty after dismissal of the charge for possessing cocaine with intent to sell or deliver, evidenced his intent to accept responsibility for his criminal conduct. N.C. Gen. Stat. § 15A-1340.16(e)(15) (2007). Defendant asserts that he would not have "forced" a trial in this case if not for the State "pushing" the "unreasonable" possession with intent to sell or deliver charge for which there was no supporting evidence. Additionally, defendant claims that his mother, girlfriend and other friends were at the trial, and that the trial court thus abused its discretion by failing to find that he had a support system in the community. N.C. Gen. Stat. § 15A-1340.16(e)(18). After careful review of the record, briefs, and contentions of the parties, we affirm.
This Court has stated:
"The burden is on the defendant to establish a mitigating factor by a preponderance of the evidence." The trial court must find a mitigating factor where evidence to support the factor is substantial, credible, and uncontradicted. To establish error on appeal, defendant "must show that the evidence so clearly establishes the fact in issue that no reasonable inferences to the contrary can be drawn and that the credibility of the evidence [to support the mitigating factor] is manifest as a matter of law."
State v. Wiggins, 159 N.C. App. 252, 270, 584 S.E.2d 303, 316 (2003) (citations omitted), cert. denied, 541 U.S. 910, 158 L. Ed. 2d 256 (2004). Defendant first claims the trial court should have found as a factor in mitigation that he accepted responsibility for his criminal conduct. A defendant accepts responsibility for his criminal conduct "when he admits `culpability, responsibility or remorse, as well as guilt.'" State v. Godley, 140 N.C. App. 15, 28, 535 S.E.2d 566, 575-76 (2000) (quoting State v. Rathbone, 78 N.C. App. 58, 67, 336 S.E.2d 702, 707 (1985), disc. review denied, 316 N.C. 200, 341 S.E.2d 582 (1986)), disc. review denied, 353 N.C. 387, 547 S.E.2d 25, cert. denied, 532 U.S. 964, 149 L. Ed. 2d 384 (2001). Defendant's mere offer to plead guilty prior to trial, and subsequent plea of guilty pursuant to a plea agreement after the dismissal of the possession with intent to sell or deliver cocaine charge, "does not lead to the sole inference that he accepted he was answerable for the result of his criminal conduct." State v. Norman, 151 N.C. App. 100, 106, 564 S.E.2d 630, 634 (2002); see also State v. Meynardie, 172 N.C. App. 127, 133-34, 616 S.E.2d 21, 26 (2005) (defendant's apology did not "definitively establish that defendant took responsibility for his criminal conduct such that "`no reasonable inferences to the contrary can be drawn"'"),affirmed and remanded per curiam, 361 N.C. 416, 646 S.E.2d 530 (2007). Therefore, we conclude the trial court did not err by failing to find this factor in mitigation.
Defendant's counsel additionally asked the trial court to find as a mitigating factor that defendant had a support system in the community, noting that defendant's mother, girlfriend, and friends had been at the trial. However, counsel presented no evidence of defendant's support system. Our Supreme Court has stated that "statements made by defense counsel during argument at the sentencing hearing do not constitute evidence in support of statutory mitigating factors." State v. Swimm, 316 N.C. 24, 32, 340 S.E.2d 65, 70-71 (1986). Thus, there was no evidence upon which the trial court could find the existence of this mitigating factor. Accordingly, we affirm.
Affirmed.
Judges McCULLOUGH and STEELMAN concur.
Report per Rule 30(e).