STATE OF NORTH CAROLINA v. CURLEY JACOBS AND BRUCE LEE McMILLIAN

No. COA04-541-2

(Filed 4 November 2008)

**Sentencing— aggravating factor—*Blakely* error—evidence used to prove offense—not harmless**

A *Blakely* error was not harmless where the court found as an aggravating factor for impersonating an officer that defendant took advantage of a position of trust, based on the individuals involved wearing DEA emblems and carrying badges. This was evidence that was also used to prove the offense.

On remand by order of the North Carolina Supreme Court in 361 N.C. 565, 648 S.E.2d 841 (2007), vacating in part, reversing in part, and remanding the decision of the Court of Appeals, *State v. Jacobs*, 174 N.C. App. 1, 620 S.E.2d 204 (2005), for reconsideration in light of *State v. Blackwell*, 361 N.C. 41, 638 S.E.2d 452 (2006). Appeal by defendants from judgments entered 29 September 2003 by Judge Gary L. Locklear in Robeson County Superior Court. Originally heard in the Court of Appeals 3 March 2005.

*Attorney General Roy Cooper, by Special Deputy Attorney General Alexander McC. Peters and Special Deputy Attorney General Karen E. Long, for the State.*

*Stubbs, Cole, Breedlove, Prentis & Biggs, PLLC, by C. Scott Holmes, for defendant-appellant Curley Jacobs.*

*Ligon and Hinton, by Lemuel W. Hinton, for defendant-appellant Bruce Lee McMillian.*

BRYANT, Judge.

This case comes before us on remand from the North Carolina Supreme Court in order that we may reexamine the issue of sentencing as it applies to defendant Jacobs in light of the Supreme Court's decision in *State v. Blackwell*, 361 N.C. 41, 638 S.E.2d 452 (2006), *cert. denied, Blackwell v. North Carolina*, —— U.S. ——, 127 S. Ct. 2281, 167 L. Ed. 2d 1114 (2007). For the reasons stated herein, we remand for resentencing.

**STATE v. JACOBS**

[193 N.C. App. 602 (2008)]

*Facts and Procedural History*

On 4 November 2002, defendant Jacobs was indicted by a grand jury for impersonating a law enforcement officer, first-degree burglary, and two counts of second-degree kidnapping. Defendant Jacobs was convicted of all charges by a jury on 29 September 2003. Prior to sentencing defendant Jacobs, the trial court found as aggravating factors that defendant Jacobs (i) induced others to participate in the commission of the offense, (ii) joined with more than one other person in committing the offense and was not charged with conspiracy, (iii) took advantage of a position of trust or confidence to commit the offense, and (iv) committed the offenses against a physically infirm victim. The trial court sentenced defendant Jacobs in the aggravated range to the following consecutive sentences: a minimum term of 36 months to a maximum term of 53 months for the offense of two counts of second-degree kidnapping and a minimum term of 95 months to a maximum term of 123 months for the offenses of first-degree burglary, impersonating a law enforcement officer, and robbery with a dangerous weapon.

---

The opinions of the United States Supreme Court in *Washington v. Recuenco*, *Blakely v. Washington*, and *Apprendi v. New Jersey* have set forth national guidelines for courts applying structured sentencing laws and set the framework for determining whether the process of imposing a particular sentencing structure is constitutional. *Washington v. Recuenco*, 548 U.S. 212, 165 L. Ed. 2d 466 (2006); *Blakely v. Washington*, 542 U.S. 296, 159 L. Ed. 2d 403 (2004); and *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435 (2000).

The United States Supreme Court has held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490, 147 L. Ed. 2d at 455.

> [T]he 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*. In other words, the relevant 'statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose *without* any additional findings.

*Blakely*, 542 U.S. at 303-04, 159 L. Ed. 2d at 413-14 (internal citations omitted).

The North Carolina Supreme Court subsequently applied *Blakely* and *Recuenco* to North Carolina's Structured Sentencing Act, and held that a trial court's unilateral finding of an aggravating factor did not violate Article I, Section 24 of the North Carolina Constitution and that *Blakely* error was subject to harmless error analysis. *Blackwell*, 361 N.C. at 42-45, 638 S.E.2d at 453-55. When confronted with the task of conducting harmless error review, the court must decide, based on the record, "whether the evidence against the defendant was so overwhelming and uncontroverted that any rational fact-finder would have found the disputed aggravating factor beyond a reasonable doubt[.]" *Id.* at 49, 638 S.E.2d at 458 (citation omitted). It is the responsibility of the defendant to bring forth facts (1) contesting the applicability of the aggravating factor and (2) that support a contrary finding. *Id.* at 50, 638 S.E.2d at 458.

The trial court in the instant case erred when it unilaterally found aggravating factors that increased the penalty for defendant's crimes beyond the presumptive range into the aggravated range. Having determined that the trial court erred by finding, unilaterally, factors aggravating defendant's sentence, we must now determine whether such error was harmless error.

Defendant argues the trial court erred by finding as an aggravating factor that defendant took advantage of a position of trust. Specifically, defendant argues the trial court erred by using evidence that he "dressed up" as a law enforcement officer to support the finding of an aggravating factor when the same evidence was used to prove an element of impersonating an officer—a crime of which defendant was convicted.

Pursuant to N.C. Gen. Stat. § 14-277, a person commits the offense of impersonating a law-enforcement officer by falsely representing that he is a sworn law-enforcement officer and acting in accordance with the authority granted to a law-enforcement officer. N.C.G.S. § 14-277 (2007). A person falsely represents that he is a law-enforcement officer when he:

(1) Verbally informs another that he is a sworn law-enforcement officer, whether or not the representation refers to a particular agency;

(2) Displays any badge or identification signifying to a reasonable individual that the person is a sworn law-enforcement offi-

cer, whether or not the badge or other identification refers to a particular law-enforcement agency;

. . .

*Id.* A person acts in accordance with the authority granted a law-enforcement officer by searching a building or premises with or without a search warrant. N.C.G.S. § 14-277 (b)(3) (2007).

It is well established that evidence used to prove an element of a crime may not also be used to prove an aggravating factor. N.C. Gen. Stat. § 15A-1340.16(d) (2007); *State v. Tucker,* 357 N.C. 633, 636, 588 S.E.2d 853, 855 (2003). The trial court found as an aggravating factor that defendant took advantage of a position of trust. "A finding that a defendant took advantage of a position of trust or confidence depends on the existence of a relationship between the defendant and victim generally conducive to reliance of one upon the other." *State v. Bingham,* 165 N.C. App. 355, 366, 598 S.E.2d 686, 693 (2004), *rev. denied,* 359 N.C. 191, 607 S.E.2d 647 (2004) (quotations omitted).

Here, the trial court found that defendant took advantage of a position of trust because the victims believed that the individuals were actually law enforcement officers—a relationship that is conducive to the reliance of the victim upon the officer. The trial court seemingly based this finding on evidence that the individuals involved in the incident were dressed in jackets bearing DEA emblems and carried badges. This evidence was necessary to prove an element of the offense of impersonating a law enforcement officer. The trial court erred by using evidence that was also used to prove an element of an offense to support an aggravating factor. Accordingly, we hold the trial court's *Blakely* error in finding defendant took advantage of a position of trust was not harmless error.

Because one error in finding an aggravating factor requires remand, *State v. Baucom,* 66 N.C. App. 298, 301-02, 311 S.E.2d 73, 75 (1984), and the trial court did not find that each aggravating factor outweighed the mitigating factor, *State v. Norman,* 151 N.C. App. 100, 104, 564 S.E.2d 630, 633 (2002), we need not consider the other aggravating factors, *State v. Hurt,* 361 N.C. 325, 332, 643 S.E.2d 915, 919 (2007), and must remand to the trial court for resentencing in light of this opinion.

Except as ordered by the Supreme Court, and as herein modified, the opinion filed by the Court on 18 October 2005 remains in full force and effect.

REMANDED.

Judges STEPHENS and ARROWOOD concur.