STATE OF NORTH CAROLINA v. REGINA FELICIA DAVIS

No. COA09-1589

(Filed 17 August 2010)

1. **Sentencing— statutory mitigating factors—failure to provide evidence—defense counsel comments not evidence**

   The trial court did not err by failing to find statutory mitigating factors where defendant was sentenced outside the presumptive range in a case involving multiple offenses arising from defendant flagging a victim down for a ride and then fleeing the vehicle with the victim's personal belongings. Defendant failed to present any evidence supporting the factors, and comments by defense counsel were not evidence and were not sufficient to carry defendant's burden of proof of mitigating factors.

2. **Damages and Remedies— restitution—no stipulation— unsupported restitution worksheet**

   The trial court erred by ordering defendant to pay $2,539.06 in restitution to six individuals and the Bank of Southside Virginia. Defendant did not stipulate to the amounts awarded, and a restitution worksheet, unsupported by testimony or documentation, was insufficient to support an order of restitution.

   Appeal by defendant from judgments entered 23 July 2009 by Judge Alan Z. Thornburg in Buncombe County Superior Court. Heard in the Court of Appeals 14 April 2010.

*Attorney General Roy Cooper, by Assistant Attorney General G. Mark Teague, for the State.*

*Hartsell & Williams, P.A., by Christy E. Wilhelm, for defendant-appellant.*

HUNTER, JR., Robert N., Judge.

Regina Felicia Davis ("defendant") pled guilty to the following: four counts of financial card theft; one count of first-degree burglary; one count of robbery with a dangerous weapon; one count of attempted common law robbery; one count of attempted common law robbery with a dangerous weapon; one count of common law robbery; one count of assault inflicting serious injury; two counts of larceny from person; two counts of misdemeanor larceny; one count of injury to real property; two counts of financial card fraud; and one count of simple assault. The trial court consolidated the offenses for sentencing into one Class D felony and one Class H felony.[1] Defendant was subsequently sentenced to 116 to 148 months' imprisonment for the Class D felony and 12 to 15 months' imprisonment for the Class H felony, to be served consecutively. Defendant appeals these sentences and the trial court's order that she pay $2,539.06 in restitution to seven victims including the Bank of Southside Virginia. On appeal, defendant specifically argues that the trial court erred by (1) failing to find any factors in mitigation of defendant's sentence, when uncontroverted evidence of statutory mitigation factors was presented; and (2) ordering restitution, when the evidence presented was insufficient to support its entry. After review, we conclude that the trial court erred only in its entry of restitution, and as such, vacate the trial court's order for restitution and affirm the sentence imposed.

## I. Factual and Procedural Background

Defendant was indicted on 6 April 2009, 4 May 2009, and 1 June 2009 for the above-mentioned offenses. Subsequently, defendant entered into a plea arrangement in which she pled guilty to all of the

---

1. The trial court consolidated the following offenses for sentencing into a Class D felony: one count of common law robbery with a dangerous weapon; one count of first-degree burglary; one count of common law robbery; and one count of attempted common law robbery with a dangerous weapon. Defendant was sentenced for a Class H felony based upon consolidation of the following offenses: four counts of financial card theft; one count of attempted common law robbery; two counts misdemeanor larceny; one count of injury to real property; two counts of financial card fraud; one count of simple assault; one count of assault inflicting serious injury; and two counts of larceny from the person.

offenses, which would be consolidated for sentencing purposes so she would be sentenced for one Class D felony and one Class H felony. Defendant stipulated to one aggravating factor that defendant was on pretrial release on another charge when the offenses were committed. Both the State and defendant stipulated that defendant was a prior Record Level III for sentencing purposes. Defendant stipulated to the factual basis for the plea agreement.

Defendant committed a series of offenses where, after flagging a victim down for a ride, she would flee the victim's vehicle with their personal belongings. Defendant's victims described defendant as being very pregnant at the time of the offenses. One victim agreed to give defendant a ride because of her pregnancy. In some instances, defendant would tell her victim that either her boyfriend abandoned her or that she was escaping an abusive boyfriend to gain entry into the vehicle.

At the sentencing hearing, the State told the trial court that defendant used her pregnancy to prey on the sympathy of her victims and take advantage of them. Counsel for defendant informed the court that defendant took responsibility for her actions but believed that the crimes could be attributed to her addiction to crack cocaine. Additionally, defendant had previously entered a drug treatment facility but failed to complete the required program. Counsel for defendant acknowledged that the trial court had a wide range of discretion in imposing the sentence but asked the court to take into consideration defendant's situation and the economy.

On 23 July 2009, Judge Alan Z. Thornburg accepted the plea arrangement and sentenced defendant to consecutive sentences of 116 to 149 months' imprisonment for the offenses consolidated with the Class D felony and 12 to 15 months' imprisonment for the offenses consolidated with the Class H felony. The trial court found no factors in mitigation of defendant's sentence. Defendant was also ordered to pay $2,539.06 in restitution to six individuals and the Bank of Southside Virginia. On 29 July 2009, defendant gave timely notice of appeal. Our Court has jurisdiction to review defendant's appeal as it is a final judgment of the Buncombe County Superior Court pursuant to N.C. Gen. Stat. §§ 15A-1442(5a), (5b), -1444(a1) and -1446(d)(18) (2009).

## II. Statutory Mitigating Factors

[1] Defendant first argues that the trial court erred by failing to find statutory mitigating factors based on her contention that uncontradicted evidence of statutory factors was presented. Defendant alleges that at sentencing, defense counsel presented uncontroverted evidence of several mitigating factors, including support in the community, taking responsibility for her actions, and support of her children. Defendant alleges that mitigating factors were not evident in the trial court's sentencing.

"A defendant has a right of appeal if he pleads guilty and [, as in the present case, his] sentence exceeds the presumptive [range] . . . and if the judge was required to make findings as to aggravating and mitigating factors[;]" however, defendant's appeal "is limited to the issue of whether the sentence entered is supported by the evidence introduced at the . . . sentencing hearing." *State v. Davis*, 58 N.C. App. 330, 332, 293 S.E.2d 658, 660 (1982), *disc. review denied*, 306 N.C. 745, 295 S.E.2d 482 (1982) (citing N.C. Gen. Stat. § 15A-1444(a1).

Here, defendant was sentenced to 116 to 149 months for the Class D felony, and 12 to 15 months for the Class H felony. The presumptive range for the Class D felony, prior record level III, is 82 to 103 months, and the presumptive range for a Class H felony, prior record level III, is 8 to 10 months. N.C. Gen. Stat. § 15A-1340.17 (2009). In the case at bar, defendant was sentenced outside of the presumptive range, therefore this Court must determine whether the sentence entered was supported by the evidence introduced during the sentencing hearing. *See* N.C.G.S. § 15A-1444(a1). This Court reviews a trial court's decision to sentence outside of the presumptive range for an abuse of discretion. *State v. Chavis*, 141 N.C. App. 553, 568, 540 S.E.2d 404, 415 (2000).

The judge weighs the credibility of evidence in support of mitigating factors and makes a determination of whether such factors exist. *State v. Canty*, 321 N.C. 520, 523, 364 S.E.2d 410, 413 (1988). "[D]efendant has the burden of proving by a preponderance of the evidence the existence of mitigating factors." *State v. Norman*, 151 N.C. App. 100, 105, 564 S.E.2d 630, 634 (2002). Defendant requested that the trial court find factors in mitigation, but did not present any evidence of these factors. In addition, defendant did not request that the trial court consider all of the factors she now argues on appeal.

When a defendant fails to request that a trial court find a factor in mitigation, the trial court has a duty to find the factor "only when the evidence offered at the sentencing hearing supports the existence of a mitigating factor *specifically listed in N.C. Gen. Stat. § 15A-1340.4(a)(2)* [now N.C. Gen. Stat. § 15A-1340.16(e)] and when the defendant meets the burden of proof established in *State v. Jones*, 309 N.C. 214, 306 S.E.2d 451 (1983)."

*State v. Meynardie*, 172 N.C. App. 127, 132, 616 S.E.2d 21, 25 (2005) (citation omitted). Under *Jones*, the defendant must prove by a preponderance of the evidence that " 'the evidence so clearly establishes the fact in issue that no reasonable inferences to the contrary can be drawn,' and that the credibility of the evidence 'is manifest as a matter of law.' " *Id.* (quoting *Jones*, 309 N.C. at 220, 306 S.E.2d at 455).

Defendant argues that the trial court should have considered the following mitigating factors:

> (1) The defendant committed the offense under duress, coercion, threat, or compulsion that was insufficient to constitute a defense but significantly reduced the defendant's culpability.
>
> . . . .
>
> (3) The defendant was suffering from a mental or physical condition that was insufficient to constitute a defense but significantly reduced the defendant's culpability for the offense.
>
> (4) The defendant's age, immaturity, or limited mental capacity at the time of commission of the offense significantly reduced the defendant's culpability for the offense.
>
> . . . .
>
> (11) Prior to arrest or at an early stage of the criminal process, the defendant voluntarily acknowledged wrongdoing in connection with the offense to a law enforcement officer.
>
> . . . .
>
> (15) The defendant has accepted responsibility for the defendant's criminal conduct.

(16) The defendant has entered and is currently involved in or has successfully completed a drug treatment program or an alcohol treatment program subsequent to arrest and prior to trial.

(17) The defendant supports the defendant's family.

(18) The defendant has a support system in the community.

N.C. Gen. Stat. § 15A-1340.16(e) (2009).

When a statutory mitigating factor is supported by a preponderance of the evidence, the trial court must consider that factor in sentencing. *State v. Kemp*, 153 N.C. App. 231, 241, 569 S.E.2d 717, 723 (2002). Although defendant contends that the trial court erred by failing to find eight factors in mitigation, defendant failed to present any evidence to support the factors presented. Comments by defense counsel are not evidence and are not sufficient to carry defendant's burden of proof of mitigating factors. *Norman*, 151 N.C. App. at 106, 564 S.E.2d at 634.

The trial court is allowed "wide latitude in determining the existence of . . . mitigating factors." Error is committed by the trial court only when "no other reasonable inferences can be drawn from the evidence." *Canty*, 321 N.C. at 524, 364 S.E.2d at 413. In the case at bar, there is insufficient evidence to support defendant's contentions.

Defendant alleges that the trial court erred by failing to recognize that she accepted responsibility for her criminal conduct. A defendant acknowledges wrongdoing for the purpose of sentence mitigation when she "admits 'culpability, responsibility or remorse, as well as guilt.'" *State v. Godley*, 140 N.C. App. 15, 28, 535 S.E.2d 566, 575 (2000) (quoting *State v. Rathbone*, 78 N.C. App. 58, 67, 336 S.E.2d 702, 707 (1985)). At the sentencing hearing defendant told the trial court: "Your Honor, I'm sorry for what I did. I just have a drug problem. I didn't mean to harm anybody. I ask God every day for forgiveness for what I did. I have a four-month-old son, and I'm sorry." Although defendant apologized for her actions at trial, her statement did not lead to the "sole inference that [s]he accepted [and that] [s]he was answerable for the result of [her] criminal conduct." *Norman*, 151 N.C. App. at 106, 564 S.E.2d at 634.

Defendant also alleges that the trial court erred by failing to find that defendant supported her family and had a support system in the community. Defendant's counsel stated that defendant was a native of

the community where she was sentenced, was living with her mother and two young children, and had a relationship with her younger sister. There was no evidence presented that defendant was employed or any additional evidence to support her contentions.

Defendant also alleges that her drug addiction compelled her to commit many of the offenses; however, "[d]rug addiction is not *per se* a statutorily enumerated mitigating factor." *State v. Bynum*, 65 N.C. App. 813, 815, 310 S.E.2d 388, 390 (1984). Again, defendant's contentions are based only upon her attorney's statement, not evidence presented to the trial court. Defendant did not establish an essential link between defendant's drug addiction and the culpability for the offenses committed. Moreover, defendant did not establish that her drug addiction reduced her culpability for the offenses committed.

Based on the above analysis, we conclude that the sentence imposed by the trial court was supported by the evidence presented at the sentencing hearing, and we hold that the trial court did not abuse its discretion by failing to find factors in mitigation of defendant's sentence.

### III. Orders of Restitution

[2] Defendant next avers that the trial court erred by entering judgment based on her contention that the evidence presented regarding restitution was insufficient to support entry of the orders of restitution. We agree.

The court ordered defendant to pay $2,539.06 in restitution to six individuals and the Bank of Southside Virginia. At the sentencing hearing, defendant failed to object to the order of restitution. However, it is well established that a restitution order may be reviewed on appeal despite no objection to its entry. *State v. Shelton*, 167 N.C. App. 225, 233, 605 S.E.2d 228, 233 (2004); *see also* N.C. Gen. Stat. § 15A-1446(d)(18) (2009).

"The amount of restitution ordered by the trial court must be supported by competent evidence presented at trial or sentencing." *State v. Mauer*, ___ N.C. App. ___, ___, 688 S.E.2d 774, 777 (2010). In the case at bar, the trial court ordered defendant to pay restitution in the amount of $2,539.06 to six individual victims and the Bank of Southside Virginia. The State concedes that there is no evidence in the record that the State introduced testimony or sworn affidavits to support its request for restitution. This Court has held that "[t]he unsworn statement of the prosecutor is insufficient to support the

amount of restitution ordered." *Shelton*, 167 N.C. App. at 233, 605 S.E.2d at 233 (citing *State v. Buchanan*, 108 N.C. App. 338, 423 S.E.2d 819 (1992)).

The State contends that defendant stipulated to the amount of restitution when defendant stipulated to the factual basis for the plea. Additionally, the State alleges that the specific amounts of restitution owed to the victims were incorporated into the stipulated factual basis by reference to the restitution worksheets submitted to the court. However, this Court has held that "a restitution worksheet, unsupported by testimony or documentation is insufficient to support an order of restitution." *Mauer*, ___ N.C. App. at ___, 688 S.E.2d at 778. In the instant case, defendant did not stipulate to the amounts awarded, and there was no evidence presented to support the restitution worksheets. Therefore, the trial court erred in awarding $2,539.06 in restitution.

## IV. Conclusion

Based on the foregoing, we affirm the trial court's sentencing orders, but we vacate the trial court's restitution orders and remand to the trial court for a new hearing on restitution in accordance with this opinion.

Affirmed in part; vacated in part; and remanded.

Judges McGEE and STROUD concur.