STATE OF NORTH CAROLINA
v.
LARRY ANTHONY FINNEY
No. COA05-850
North Carolina Court of Appeals
Filed February 7, 2006
This case not for publication
Buncombe County No. 01 CRS 7899.
Attorney General Roy Cooper, by Assistant Attorney General John P. Scherer II, for the State.
David G. Belser and Joel B. Stevenson for defendant-appellant.
MARTIN, Chief Judge.
Defendant pled guilty to second-degree rape on 28 June 2001. After a sentencing hearing held 23 July 2001, he was sentenced to an aggravated prison term of 92-120 months, upon a finding by the trial court that he "took advantage of a position of trust or confidence to commit the offense." This Court granted defendant a belated appeal by writ of certiorari on 28 March 2005. Because we find defendant's aggravated sentence to violate the holdings in Blakely v. Washington, 542 U.S. 296, 159 L. Ed. 2d 403 (2004) and State v. Allen, 359 N.C. 425, 615 S.E.2d 256 (2005), we vacate the sentence and remand for re-sentencing.
Citing the decisions in Blakely and Allen, defendant avers that the trial court committed structural and/or plain error by sentencing him in the aggravated range without either (1) a jury finding of the aggravating factor beyond a reasonable doubt or (2) a knowing and voluntary waiver by defendant of his right to a jury trial on this issue. See Allen, 359 N.C. at 440, 615 S.E.2d at 266. The State responds that defendant effectively stipulated to the aggravating factor by stipulating to the facts within the prosecutor's summary. It notes defense counsel's explicit representation to the court that "with respect to the factual basis, my client is related to this girl through marriage. That's the relationship." While recognizing this Court's contrary holding in State v. Meynardie, __ N.C. App. __, 616 S.E.2d 21 (2005), temp. stay allowed, 360 N.C. 74, 620 S.E.2d 199 (Aug. 22, 2005), the State challenges the holding in Meynardie as based on a misinterpretation of Brady v. United States, 397 U.S. 742, 748, 25 L. Ed. 2d 747, 756 (1970). Alternatively, it avers that the lack of a jury finding of the aggravating factor was harmless error, and that Allen was thus "wrongly decided" by the North Carolina Supreme Court.
Applying the United State's Supreme Court's holding in Blakely to our Structured Sentencing Act, our Supreme Court in Allen held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed presumptive range must be submitted to a jury and proved beyond a reasonable doubt." 359 N.C. at 437, 615 S.E.2d at 265 (citing Blakely, 542 U.S. at 303-04, 159 L. Ed. 2d at 413-14). Because the constitutional right to a jury trial is subject to waiver, however, the Allen court further provided that "the judge may still sentence a defendant in the aggravated range based upon the defendant's admission to an aggravating factor enumerated in N.C.G.S. § 15A-1340.16(d)." Allen, 359 N.C. at 439, 615 S.E.2d at 265. However, a criminal defendant's waiver of the constitutional right to a jury trial "'not only must be voluntary but must be [a] knowing, intelligent act[] done with sufficient awareness of the relevant circumstances and likely consequences.'" Meynardie, __ N.C. App. at __, 616 S.E.2d at 24 (quoting Brady, 397 U.S. at 748, 25 L. Ed. 2d at 756) (alterations in original).
The State asserts that defendant's stipulation to the prosecutor's summary and his counsel's acknowledgment that defendant was related to the victim through marriage were sufficient to waive his right to a jury finding of the aggravating factor found by the sentencing judge. We have previously rejected the State's argument in similar contexts in both State v. Whitehead, __ N.C. App. __, 620 S.E.2d 272 (2005), and Meynardie, reasoning as follows:
Since neither Blakely nor Allen had been decided at the time of defendant's sentencing hearing, defendant was not aware of his right to have a jury determine the existence of the aggravating factor. Therefore, defendant's stipulation to the factual basis for his plea was not a "knowing [and] intelligent act[] done with sufficient awareness of the relevant circumstances and likely consequences." We hold that defendant did not knowingly and effectively stipulate to the aggravating factor, nor waive his right to a jury trial on the issue of the aggravating factor.
Meynardie, __ N.C. App. at __, 616 S.E.2d at 24 (quoting Brady, 397U.S. at 748, 25 L. Ed. 2d at 756). Although defendant stipulated to the prosecutor's factual summary, he did not stipulate to the existence of any aggravating factors, or to the judicial finding of such factors. Moreover, as in the cases cited above, defendant entered his plea prior to Blakely and Allen and thus cannot be said to have entered a knowing and voluntary waiver of rights first recognized thereunder. While the State deems Meynardie to be wrongly decided, we are bound by prior decisions of this Court on the same issue of law. See In the Matter of Appeal from Civil Penalty, 324 N.C. 373, 384, 379 S.E.2d 30, 36-37 (1989). We are likewise bound by the North Carolina Supreme Court's holding in Allen that "the harmless-error rule does not apply to sentencing errors which violate a defendant's Sixth Amendment right to jury trial pursuant to Blakely." Allen, 359 N.C. at 449, 615 S.E.2d at 272. Accordingly, defendant is entitled to a new sentencing hearing.
Remanded for re-sentencing.
Judges BRYANT and GEER concur.
Report per Rule 30(e).